ARTHUR BROWN v. GEORGE E. MARTIN.

*Forcible entry and detainer—Rights of defendant.*

Summary proceedings to recover possession of land will not lie against the holder of a tax-title antedating the mortgage under which complainant claims as foreclosure purchaser; and there is no rule of law to prevent the holder of the tax-title from fortifying it, if he can, by purchasing other and earlier titles and incumbrances.

Error to Kalamazoo.   Submitted November 1.   Decided January 5.

PROCEEDINGS under Comp. L. ch. 211 to recover possession of land.   Defendant brings error:   Reversed.

*Bronson Schoonmaker* for appellant.   Tax-deeds are *prima facie* evidence of title : *Stockle v. Silsbee* 41 Mich. 615 ; a party in possession may dispute the title of a complainant in forcible entry proceedings if not his tenant: *Nims v. Sherman* 43 Mich. 46 ; and may show title in a third person to defeat his suit: *Lee v. Clary* 38 Mich. 223 ; where defendant holds adversely to complainant the proper mode of determining title is by ejectment ; *Bennett v. Robinson* 27 Mich. 26 ; *Foss v. Van Driele* 47 Mich. 201.

*Howard & Roos* for appellee.

CAMPBELL, J.   Brown recovered judgment in summary possessory proceedings against Martin, who removed the case on *certiorari* to the circuit court for the county of Kalamazoo, where it was affirmed.

The foundation of the claim was a complaint based on an alleged holding over by Martin after the foreclosure of a mortgage.   The principal ground of *certiorari* is that no such case was made out.

It does not appear that a foreclosure has been had under which the redemption expired, of a mortgage made by Edward Thomas Martin and Aaron B. Tyler to Laura J.

Stratton and assigned to Brown, for $1200, dated February 28, 1872. But there was no evidence offered that George E. Martin had anything to do with these mortgagors or held under them, and if he did not occupy as owner of the equity of redemption this proceeding will not lie.

It does not appear that George E. Martin had any possessory title when these proceedings were commenced, except a tax deed made in February, 1872, at an earlier date than the mortgage in question. This deed appears to be regular and is not impeached. The only interest he appears to have had at any time was as assignee of an older mortgage made by a prior owner in 1869, and foreclosed, but the foreclosure not yet absolute.

This gave him no right of possession, and it is not found or claimed he went in under it. Had he done so it would not show that he got in under the parties whose mortgage is the basis of Brown's claim. It cannot be presumed he went in under a title that gave no possessory rights. He showed a valid adverse possessory title, and has so far as this record shows a right to rely on it. There is no rule of law which will prevent him from fortifying that title by purchasing another title or encumbrance. He owes no duty to Brown under Brown's mortgage unless he went into possession subject to it. But, as already suggested, there is no evidence that he ever had any claim that was not earlier and superior to it. Without such subordinate possession the remedy against him, if any exists, must be in some other form.

The judgment must be reversed, with costs of all the courts.

The other Justices concurred.